1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

9

10

STATE FARM FIRE AND CASUALTY
COMPANY, as subrogee for Richard Von
Kleinsmid and Carol Zabilski,

         Plaintiff,

   v.

BURNHAM HOLDINGS, INC. d/b/a
THERMO PRODUCTS, LLC d/b/a
THERMO PRIDE,

         Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

**NOTICE OF REMOVAL TO
FEDERAL COURT**

11

12

13

14

15

16

17

    Defendant Burnham Holdings, Inc., d/b/a Thermo Products, LLC d/b/a Thermo Pride

18 ("Defendant"), by and through its attorneys, hereby removes the above-captioned action,

19 currently commenced in the Superior Court of King County, Washington, to the United States

20 District Court for the Western District of Washington.  Removal is based on 28 U.S.C. § 1332

21 (diversity jurisdiction) and authorized by 28 U.S.C. §§ 1441 and 1446.  As grounds for

22 removal, Defendant states as follows:

23

## **BACKGROUND**

24     1.   Plaintiff State Farm Fire and Casualty Company, as subrogee for Richard Von

25 Kleinsmid and Carol Zabilski ("Plaintiff") commenced this action on December 3, 2012, by

26 serving a summons and complaint on Defendant's authorized agent for service of process (the

27 "State Court Action").  Declaration of David R. Voyles ("Voyles Decl.") at ¶ 2, Ex. A

NOTICE OF REMOVAL - 1

127114.0001/5563747.1

1  (Summons), Ex. B (Complaint), Ex. C (Notice of Service of Process).  The State Court Action

2  has not been filed with the King County Superior Court, and thus has not been assigned a case

3  number. *Id.*

4        2.    Prior to commencement of the lawsuit, Plaintiff wrote to Defendant's insurance

5  carrier and demanded full reimbursement of the alleged damages, which amount to

6  $154,926.76 Voyles Decl. at ¶ 3, Ex. D (Demand Letter of State Farm to Defendant's Insurer).

7        **STATUTORY REQUIREMENTS FOR REMOVAL ARE PRESENT**

8        3.    Federal district "have original jurisdiction of all civil actions where the matter in

9  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

10  between . . . citizens of different States." 28 U.S.C. § 1332(a).  Here, diversity jurisdiction

11  under 28 U.S.C. § 1332(a)(1) exists because this action is between citizens of different states

12  and the amount in controversy exceeds $75,000.

13        4.    Complete diversity exists, as Plaintiff and Defendant are citizens of different

14  states.

15        a.   Plaintiff is a corporation with a principal place of business in Illinois, and

16           Plaintiff's insureds are citizens of the State of Washington.  *See* Voyles

17           Decl., ¶ 4; *see id.*, Ex B (Compl. at 1).

18        b.   Defendant Burnham Holdings, Inc. is a citizen of the state of Delaware, with

19           a principal place of business in Pennsylvania. Voyles Decl. at ¶ 5.  Thermo

20           Products, LLC, is a Delaware LLC, with principal places of business in

21           Indiana and North Carolina. *Id.*  "Thermo Pride" is not an entity, but rather

22           a trade-name used by Thermo Products, LLC.

23        5.    The amount in controversy exceeds $75,000 because Plaintiff seeks, exclusive

24  of interest and costs, reimbursement of $153,926.76.  Voyles Decl. at ¶ 3, Ex D.

25        **PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

26        6.    <u>Removal to this Court Is Proper</u>.  Pursuant to 28 U.S.C. §§ 1441(a)-(b) and

27  1446(a), Defendant files this Notice of Removal in the United States District Court for the

NOTICE OF REMOVAL - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

Western District of Washington, which is the federal district court embracing the state court where Plaintiff has commenced the State Court Action — in King County, Washington. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(b). While Plaintiff has not filed this case with the Superior Court of King County, a case is commenced in Washington by earlier of either serving or filing a summons and complaint. *See* C.R. 3(a) ("[A] civil action is commenced by service of a copy of a summons together with a copy of the complaint . . . or by filing a complaint.").

7.    <u>Removal Is Timely</u>. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b)(1). Where a Plaintiff has served a Defendant with a copy of the summons and complaint but has not filed them, the 30-day removal timeline nonetheless commences from the date of service of both the summons and complaint. *Murphy Bros., Inc. v. Maced. Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In the Western District of Washington, there is no requirement that the case actually be filed in state court before commencing removal. *Pacuska v. Allied Van Lines, Inc.*, 2006 WL 521596, *4 (W.D. Wash., Mar. 2, 2006) (unreported) (remanding a case which had been removed after 30 days had passed from the date of service of the summons and complaint, but within 30-days of the filing of the summons and complaint, and noting, "There is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal"). Here, the Summons and Complaint were first served on Defendant on December 3, 2012. As such, this removal is timely. *See* 28 U.S.C. § 1446(b).

8.    <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

9.    <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

NOTICE OF REMOVAL - 3

1       10.    <u>Pleadings and Process</u>.  True and correct copies of the pleadings served upon the

2  Defendant commencing the State Court Action are attached as Exhibit E to Voyles Decl.  As of

3  the date of this Notice of Removal, there is no case on file with the King County Superior

4  Court.  *See* 28 U.S.C. § 1446(a).  Defendant has made a demand upon Plaintiff that it file the

5  State Court Action; once filed Defendant will file with the King County Superior Court a

6  Notice to Clerk of Notice of Removal to Federal Court.  *See* Voyles Decl., ¶ 7, Ex. E.

7  Defendant has paid the appropriate filing fee to the Clerk of this Court upon the filing of this

8  Notice.

9       11.    <u>Notice</u>.  Defendant will promptly serve Plaintiff and file with this Court its

10  Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been

11  removed to federal court.  *See* 28 U.S.C. §§ 1446(a), (d).  Defendant will also promptly send to

12  the Clerk of the Superior Court of Washington, County of King, and serve on Plaintiff, a Notice

13  to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

14       WHEREFORE, this action should proceed in the United States District Court for the

15  Western District of Washington, as an action properly removed thereto.

16       Dated this 28th day of December, 2012.

17                               LANE POWELL PC

18

19                      By  <u>*s/Mark G. Beard*</u>

                          Mark G. Beard, WSBA No. 11737

20                            beardm@lanepowell.com

21

22                      By  <u>*s/David R. Voyles*</u>

                          David R. Voyles, WSBA No. 40536

23                            voylesd@lanepowell.com

                    Attorneys for Defendant Burnham Holdings, Inc.

24                      d/b/a Thermo Products, Llc D/b/a Thermo Pride

25

26

27

NOTICE OF REMOVAL - 4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

127114.0001/5563747.1

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 28th day of December, 2012, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Craig Evezich, Esq.
Evezich Law Offices, PLLC
175 NE Gilman Boulevard
Issaquah, WA 98027-2955

Executed on the 28th day of December, 2012, at Seattle, Washington.

s/David R. Voyles
Signature of Attorney
WSBA No. 40536
Typed Name: David R. Voyles
Address: 1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
Telephone: 206.223.7000
Fax: 206.223.7107
E-mail: voylesd@lanepowell.com
Attorney(s) For: Defendant Burnham
Holdings, Inc. D/b/a Thermo Products, Llc
D/b/a Thermo Pride

NOTICE OF REMOVAL - 5

127114.0001/5563747.1